IN THE
UNITED STATES DISTRICT COURT AUG 26 2015

SOUTHERN ____ DISTRICT OF WEST VIRGINIA
_____ BLUEFIELD _____ DIVISION

FILED

AUG 26 2015

TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

<u>Napoleon Morales-Dorantes, Pro Se</u>
   (Full Name)
  <u>#44367-359</u>
  (Register No.)  **Plaintiff**

v.

<u>Federal Bureau Of Prison, Etc.</u>
  (Full Name)  **Defendant**
Mr. Johnson, Warden

CIVIL NO. **1:15 - 12720**

## CIVIL COMPLAINT PURSUANT TO 28 U.S.C. §1331

 **I.** Place of present confinement of plaintiff(s): ____ FCI McDowell

<u>Federal Correctional Institution   P.O. Box 1009</u>

<u>Welch, West Virginia      24801</u>

 **II.** Parties to this civil action:

  A. Plaintiff <u>Napoleon Morales-Dorantes</u> Register No. ____ <u>#44367-359</u>
  Address: <u>FCI McDowell P.O. Box 1009 Welch, West Virginia 24801</u>
  B. Defendant <u>Federal Bureau Of Prison   Mr. Johnson, Warden</u>

is employed in the capaicty of: <u>Warden</u> at the:
<u>FCI McDowell  Federal Bureau Prison Welch, West Virginia</u>

 *(For additional plaintiffs or defendants, provide above information in same format on a separate page.)*

  At the time the claim(s) arose, was this defendant acting in his official capcacity as an employee of the United States?  Yes ☒  No ☐

  Explain: <u>Mr. Johnson is the Warden, (custodian) of this</u>
<u>plaintiff.</u>

III. Do your claims involve medical treatment?          Yes ☐   No ☒

IV. Do you request a jury trial?                        Yes ☒   No ☐

V. Do you request money damages?                        Yes ☒   No ☐

VI. Are the wrongs alleged in your complaint continuing to occur?   Yes ☒   No ☐

VII. Grievance procedures:

A. Does your institution have an administrative or grievance procedure?   Yes ☒   No ☐

B. Have the claims in this case been presented through an administrative or grievance procedure within the institution?   Yes ☐   No ☒

C. If a grievance was filed, state the date your claims were presented, how they were presented, and the result of that procedure. (Attach a copy of the final result(s)).

N/A

_____N/A_____

_____N/A_____

_____N/A_____

D. If you have not filed a grievance, state the reasons.

By utilizing the administrative or grievance procedure in case, this plaintiff couldn't have and wouldn't gotten any results or relief in this matter, because this issue(s) couldn't have been resolve by the Bureau of Prisons, the issue(s) could have only been resolved by the Federal Court or the U.S. Sentencing commission.

VIII. Previous cases:

A. Have you begun other cases in state or federal courts dealing with the same facts involved in this case?   Yes ☐   No ☒

B. Have you begun other cases in state or federal courts for any other reason except to obtain habeas corpus relief?   Yes ☐   No ☒

C. If your answer is "yes" to either of the above questions, provide the following information for each case.

(1) Style (Case Title): _____N/A_____ vs. _____N/A_____

(2) Date filed: _____N/A_____   N/A

(3) Court where filed: _____N/A_____   N/A

(4) Case number and citation: ____N/A____   N/A

(5) Basic claim made: _____N/A_____   N/A

(6) Date of disposition: _____N/A_____   N/A

(7) Disposition:   ☐ Pending   ☐ On Appeal   ☐ Resolved   N/A

(8) If resolved, state whether it was for:   ☐ Plaintiff   ☐ Defendant   N/A

*(For additional cases, provide the above information in the same format on a separate page.)*

VIP Law Library Forms/1331 Form                    2

IX. Statement of claim:

A. State here as briefly as possible the facts of your claim. Describe how each named defendant is involved. Include the names of other persons involved, dates and places. Describe specifically the injuries incurred. Do not give legal arguments or cite cases or statutes. You may do that in Item "B" below. If you allege related claims, number and set forth each claim in a separate paragraph. Use as much space as you need to state the facts. Attach extra sheets, if necessary. Unrelated separate claims should be raised in a separate civil action.

This petitioner enterd pleas of guilty to: (1) Count of possession w/intent to distribute cocaine 841(a)(1) and (b)(1)(c) and Count 2 using and carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. 924(c). A presentence report was order in this case, (which was prepared by Ms. Amber Gonzalez USPO), which was later discovered to have been erroneously calculated, and as a direct result this petitioner sentencing guidelines and criminal history was mis-calculated and this was scored in a higher category then he should have been, which resulted in him getting a addictional (12) to (18) months. Which is a violation of this petitioner rights to Due Process and unlawful detainment. This petitioner is still being held illegally.

B. State briefly your legal theory or cite appropriate authority:

" See Attachments "

" See Attachment "

" See Attachment "

C. Jurisdiction - If you wish to assert jurisdiction under additional statutes, you must list them and explain their significance: ___ This Honorable Court have jurisdiction in this matter. This is within the jurisdiction of the Court. This petitioner is currently being held at FCI McDowell Federal Correctional Institution, in Welch, West Virginia. Rules abolished all distinctions as to form between actions at law and suits in equity, but they did not abolish difference in substance between legal and equitable remedies. (Jurisdiction)

**X.** Relief  (State briefly exactly what you want the court to do for you. Do not make legal arguments.)

This petitioner is requesting that Honorable Court grant the following relief to this petitioner:

(1) Actual Damages-  $100,000.00

(2) Punitive Damages-  $200,000.00

(3) Loss Wages-  $25,000.00

**XI.** Counsel:

A. If someone other than a lawyer is assisting you in preparing this case, state the person's name.: ___ Estefania Morales- Dorantes

B. Have you made any effort to contact a private lawyer to determine if he or she would represent you in this civil action?   Yes ☐   No ☒

If so, state the name(s) and address(es) of each lawyer contacted.:
N/A

N/A

N/A

N/A

N/A

VIP Law Library Forms/1331 Form                     4

If not, state your reasons.:

Have no resources or contact(s), to obtain a lawyer in
this matter.

 

 

 

     C. Have you previously had a lawyer representing you in a civil action in this court?
Yes ☐    No ☒

If so, state the lawyer's name and address:

N/A

                                              N/A

                                                                            N/A

Pursuant to  28 U.S.C. § 1746, I, <u>Napoleon Morales- Dorantes</u> declare under the
penalty of perjury, that the foregoing is true and correct.

Executed (signed) this  <u>21</u>  day of  <u>August</u>  , 20 <u>15</u>  .

*Napoleon Morales Dorantes*

Plaintiff, *pro-se*

Napoleon Morales-Dorantes, Pro Se,
Federal Correctional Institution
FCI McDowell     P.O. Box    1009
Welch, West Virginia      24801

Case 1:15-cv-12720   Document 1   Filed 08/26/15   Page 6 of 24   PageID #: 6
Case 1:07-cr-00295-JTN   Doc #199   Filed 06/11/15   Page 1 of 2   PageID #779

Attachment II

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Case No. 1:07-cr-295

v.                                  HON. JANET T. NEFF

NAPOLEON MORALES-DORANTES,

        Defendant.

_____/

## MEMORANDUM OPINION AND ORDER

Defendant Napoleon Morales-Dorantes has filed a motion for modification or reduction of sentence (Dkt 178) pursuant to 18 U.S.C. §3582(c)(2) on the basis of Amendment 782 of the United States Sentencing Guidelines, made retroactive by the Sentencing Commission. The U.S. Probation Office has filed a Sentence Modification Report (Dkt 187) recommending a reduction in sentence. Defendant has filed a Response (Dkt 193) agreeing with the conclusion of the Probation Department. The Government has filed a Response (Dkt 198) and objects to the recommendation made by the Probation Department.

Section 3582(c)(2) permits a court to reduce the term of imprisonment of a defendant who has been sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Amendment 782 of the United States Sentencing Guidelines reduced by two levels the offense levels assigned to the quantities that trigger the statutory mandatory minimum penalties in U.S.S.G. §§ 2D1.1 and 2D1.11. These modifications were made retroactive effective November 1, 2014. U.S.S.G. § 1B1.10.

Having fully considered the Sentencing Modification Report (Dkt 187) and the Responses, the Court has determined that the defendant is entitled to a reduction of sentence pursuant to the policy statements of the U.S. Sentencing Commission.

Therefore, IT IS HEREBY ORDERED that Defendant's motion for modification of sentence (Dkt 178) pursuant to 18 U.S.C. § 3582(c)(2) is GRANTED. Defendant's sentence is reduced to 120 months imprisonment, consisting of 60 months on Count 1 and 60 months on Count 2, to be served consecutive with an effective date of November 1, 2015.

DATED: August 11, 2015                     /s/ Janet T. Neff_____
                                           JANET T. NEFF
                                           United States District Judge

2

AO 247 (Rev. 11/11)   Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)          Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

Western District of Michigan

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| NAPOLEON MORALES-DORANTES | ) |
| | ) |

Case No:  1:07-cr-295

USM No:  44367-359

Date of Original Judgment:  10/17/2008

Date of Previous Amended Judgment:  10/24/2008

*(Use Date of Last Amended Judgment if Any)*

Sharon Turek

*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☐ DENIED.   ☑ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of     132                              months **is reduced to**   120 months, consisting of 60   .

*(Complete Parts I and II of Page 2 when motion is granted)* months on Count 1 and 60 months on Count 2, to be served consecutive

Except as otherwise provided, all provisions of the judgment dated     10/24/2008     shall remain in effect.

**IT IS SO ORDERED.**

Order Date:     08/11/2015

/s/ Janet T. Neff

*Judge's signature*

Effective Date:     11/01/2015

*(if different from order date)*

Janet T. Neff, United States District Judge

*Printed name and title*

## II. EFFECT ON PARTICULAR PROCEDURAL MATTERS

### 7. Jurisdiction

Rules abolished all distinctions as to form between actions at law and suits in equity, but they did not abolish difference in substance between legal and equitable remedies; while there is no longer law side and equity side, Rules did not extend or limit jurisdiction of district courts of United States. Bradley v United States (1954, CA5 La) 214 F.2d 5

Amendment of statutes relating to partition actions involving United States to substitute words "civil action" for words "suits in equity" to conform them to Rules did not enlarge jurisdiction of Federal District Courts, since Rules themselves did not enlarge jurisdiction of Federal District Courts granted by statute waiving sovereign immunity. Stanton v United States (1970, CA5 Tex) 434 F.2d 1273, 14 FR Serv 2d 929, 29 ALR Fed 564

In action by trustee in bankruptcy to recover pig iron as part of assets of bankrupt's estate, defendant could not set up distinction between action at law or in equity to defeat jurisdiction of federal court, since federal statutes relating to actions brought on wrong side of court and to equitable defenses and equitable relief were superseded by Federal Rules under which there is now only "civil action," in which all relief must be obtained that could formerly have been secured at law or in equity. Commonwealth Trust Co. v Reconstruction Finance Corp. (1939, DC Pa) 28 F Supp 586

Doctrine of forum non conveniens, while theoretically qualification on jurisdiction, has not been applied to any action commenced in federal court, except in admiralty or those cases which would have been denominated as actions in equity before removal of distinction between actions at law and in equity. Sacco v Baltimore & O. R. Co. (1944, DC NY) 56 F Supp 959

Since abolition of forms of action, federal district court has, upon showing of diversity of citizenship, jurisdiction to try suit to revoke will. Sieland v Hamel (1953, DC Mo) 13 FRD 447

Rule 2 was not intended to enlarge jurisdiction of district courts of United States. Rosen v Alleghany Corp. (1955, DC NY) 133 F Supp 858

### 8. Right to trial by jury

Chancellor may separate legal issues and send them to jury once equitable issues have been disposed of, but this does not prevent him from exercising his historic power to dispose of whole case as chancellor. Bereslavsky v Kloeb (1947, CA6) 162 F.2d 862, 74 USPQ 79, cert den (1947) 332 US 816, 92 L Ed 393, 68 S Ct 156, 75 USPQ 365

Under Rules, party is encouraged to join in one action both legal and equitable claims, counterclaims, or crossclaims without waiving any rights to trial by jury of any claims which if prosecuted independently would entitle him to jury trial; Rule 2 does not affect right of jury trial and if prior to adoption of Rules right of jury trial existed it remains so under Rules while those actions which were not previously triable by jury as of right are not triable by jury as of right under Rules. Black v Boyd (1957, CA6) 248 F.2d 156

Merger of actions at law and in equity in single "civil action" under Rule 2 did not obliterate distinction between them in determining right to jury trial. Kennedy v Lakso Co. (1969, CA3 NJ) 414 F.2d 1249, 163 USPQ 136, 13 FR Serv 2d 1033

Neither of statutory remedies for infringement of patent rights, one with right to jury trial and other in equity for injunctive relief without right to jury trial, have been extinguished by Rules, and either remedy may still be invoked by plaintiff. Bellavance v Plastic-Craft Novelty Co. (1939, DC Mass) 30 F Supp 37, 43 USPQ 338

USCSRULE                                            1

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

44367359

Although there is but one form of action under Rules, what was before Rules action at law is now jury action, and what was suit in equity is nonjury action. Ryan Distributing Corp. v Caley (1943, DC Pa) 51 F Supp 377, 58 USPQ 388

Though Federal Rules provide for only one form of action, distinction between law and equity continues to be important in determining whether party is entitled to trial by jury; court must scrutinize entire complaint in order to ascertain whether essential nature of action is legal or equitable. Chichester v Kramer (1957, DC NY) 157 F Supp 79

Rule 2 abolishes only procedural distinctions but not substantive distinctions between law and equity; substantive distinctions between legal and equitable rights and remedies are still applicable in federal courts, particularly with regard to constitutional right to trial by jury "in suits at common law" declared by Seventh Amendment. Railex Corp. v Joseph Guss & Sons, Inc. (1966, DC Dist Col) 40 FRD 119, 148 USPQ 640, 10 FR Serv 2d 1044, affd (1967, App DC) 127 US App DC 230, 382 F.2d 179, 154 USPQ 256

Rule 2 of Federal Rules of Civil Procedure, while merging actions at law and equity into one civil action, did not enlarge Seventh Amendment right to trial by jury; former distinction between law and equity still governs availability of trial by jury. Brennan v J. C. Penney Co. (1973, ND Ohio) 61 FRD 66, 6 CCH EPD ¶ 8950, 18 FR Serv 2d 148

While procedural distinction between law and equity is abolished by Rule 2, substantive distinction persists for purposes of determining issues triable by jury. Urecal Corp. v Masters (1976, ND Ill) 413 F Supp 873, 195 USPQ 93

Merger of legal and equitable actions under Rule 2 into one form of action known as "civil action" does not thereby extend Seventh Amendment guarantee of jury trial to all civil cases, but only to cases of common-law character, and such guarantee does not extend to cases arising under statute, where statute requires application of equitable standards. Gartenberg v Merrill Lynch Asset Management, Inc. (1980, SD NY) 487 F Supp 999, CCH Fed Secur L Rep ¶ 97315, 29 FR Serv 2d 439

Merger under Rule 2 of actions of law and inequity in single "civil action," did not destroy distinction between these two actions in determining right to jury trial. Dewey Electronics Corp. v Montage, Inc. (1987, MD Pa) 117 FRD 73, 3 USPQ2d 1229, 8 FR Serv 3d 1179

### 9. Pleading

Under Rules, there is no longer law side and equity side of court, but only civil action in which all relief must be obtained that could formerly be secured either at law or in equity; accordingly complaint cannot be dismissed on ground that it was brought on wrong side of court. Union Mut. Life Ins. Co. v Friedman (1944, CA2 NY) 139 F.2d 542

It is not necessary in federal courts for plaintiff to recover strictly on theory outlined in his complaint or fail completely. C. & H. Air Conditioning Fan Co. v Haffner (1954, CA5 Ga) 216 F.2d 256

While legal and equitable remedies may be administered in same forum and in same action, substantive distinction between law and equity has not been abolished; therefore, in order to determine whether aggrieved person in any particular action is pursuing legal or equitable remedy depends upon nature of relief which such aggrieved person seeks, and not statute which creates right to sue either in law or in equity. Straley v Universal Uranium & Milling Corp. (1961, CA9 Cal) 289 F.2d 370, 4 FR Serv 2d 28

Taxpayer's application to quash Internal Revenue Service administrative summons, which named no defendant, stated no basis of jurisdiction and asked for no judgment against anyone did not comply with rules restricting original civil proceedings in District Court to single form of action, commenced by

USCSRULE 2

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

44367359

complaint naming parties, stating basis of court's jurisdiction and demanding specified relief against someone.  Application of Howard (1963, CA3 Pa) 325 F.2d 917, 64-1 USTC ¶ 9147, 7 FR Serv 2d 12, 13 AFTR 2d 321

Complaint suing upon separate contracts of insurance issued to plaintiff by individual defendants and seeking accounting and equitable relief would not be stricken on ground that action at law against defendants was proper remedy.  National Transformer Corp. v Alliance Ins. Co. (1948, DC III) 8 FRD 483

Complaint will not be dismissed for failure to state necessary facts or for failure to show that plaintiff is not entitled to relief under statute.  Rutherford v National Indem. Co. (1953, DC Mo) 113 F Supp 640

It is not now necessary to bring action within technical niceties required prior to adoption of Rules, but just as distinction between legal and equitable rights has not been abolished, facts alleged in complaint must still show allegation of facts consistent or appropriate to some enforceable cause of action.  William Whitman Co. v Universal Oil Products Co. (1954, DC Del) 125 F Supp 137, 102 USPQ 183

Rule 2 abolishes traditional forms of action, but that abolition has not done away with familiar theories upon which claims are based.  Walla v Sinclair Oil & Gas Co. (1955, DC Neb) 17 FRD 506

Even though procedural distinction between law and equity has been removed, it is still essential to state claim upon which relief can be given, or complaint is subject to dismissal.  Boris v Moore (1957, DC Wis) 152 F Supp 595, 113 USPQ 514, affd (1958, CA7 Wis) 253 F.2d 523, 117 USPQ 66

Although there is only one form of action, it is often necessary to consider nature of action in order to determine proper procedure or nature or extent of relief to which plaintiff may be entitled.  United States v J. Tirocchi & Sons, Inc. (1960, DC RI) 180 F Supp 645

Purpose of complaint is simply to give defendant notice of essence of plaintiff's claim with sufficient clarity to enable defendant to answer.  Taylerson v American Airlines, Inc. (1960, SD NY) 183 F Supp 882, 3 FR Serv 2d 94

Where it is not clear whether claim stated in complaint is for legal or equitable contribution, it will be construed liberally under Rules as broad claim for contribution whether legal or equitable.  Moody v Kirkpatrick (1964, MD Tenn) 234 F Supp 537

### 10. -Election of remedies

There is no room for application of doctrine of election of remedies under Rules.  Bernstein v United States (1958, CA10 Colo) 256 F.2d 697, 1 FR Serv 2d 37, 1 FR Serv 2d 580, cert dismd (1959) 358 US 924, 3 L Ed 2d 298, 79 S Ct 296

In determining nature of federal statutory action by appellant under Economic Stabilization Act (12 USCS § 1904) to recover damages due to overcharge for petroleum products in violation of Emergency Petroleum Allocation Act (15 USCS §§ 751 et seq.), District Court erroneously applied concepts of "cause of action" and election of remedies doctrine, in view of Rule 2 which expressly abolished such procedural concepts.  Carbone v Gulf Oil Corp. (1987, Em Ct App) 812 F.2d 1416

Under Federal Rules, plaintiff is not required to choose between pursuit of remedy at law or one in equity but may frame his complaint to seek all and any relief to which facts entitle him.  Palmer v Palmer (1940, DC Conn) 31 F Supp 861

Doctrine of election of remedies has very limited application under Federal Rules and should not be applied in such manner as to defeat substantial rights of parties; fact that law courts chose to enforce equitable right of contribution through fiction of implied contract, thereby developing different rule of recovery, should not compel court having jurisdiction of both legal and equitable actions to apply legal rule or to adhere strictly to doctrine of election of remedies.  Moody v Kirkpatrick (1964, MD Tenn) 234 F

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

44367359

Supp 537

### 11. Defenses

Maxims of equity are available as defenses in actions at law.  Maltz v Sax (1943, CA7 Ill) 134 F.2d 2, cert den (1943) 319 US 772, 87 L Ed 1720, 63 S Ct 1437

Rules are broad and very liberal and will permit equitable defenses to be advanced so that all relief may be secured.  Socony-Vacuum Oil Co. v Texas Co. (1953, DC Mich) 113 F Supp 514

### 12. -Statutes of limitations

Although Rules abolished old forms of action and substituted single form of action, if statute of limitation depends on state law and that law refers to form of action as determinative of period of limitation, it is still necessary to determine what sort of case pleader is presenting.  El Paso v West (1939, CA5 Tex) 104 F.2d 96;  Williamson v Columbia Gas & Electric Corp. (1939, DC Del) 27 F Supp 198, affd (1939, CA3 Del) 110 F.2d 15, cert den (1940) 310 US 639, 84 L Ed 1407, 60 S Ct 1087

Action to recover treble damages for violation of Antitrust Laws (15 USCS §§ 1 et seq.) is action on case and is governed by state statute of limitations applicable to actions on case.  Williamson v Columbia Gas & Electric Corp. (1939, DC Del) 27 F Supp 198, affd (1939, CA3 Del) 110 F.2d 15, cert den (1940) 310 US 639, 84 L Ed 1407, 60 S Ct 1087

In jurisdictions where forms of action have been abolished, general rule is that real nature of action is to determine applicability of particular statute of limitations.  Keen v Mid-Continent Petroleum Corp. (1945, DC Iowa) 58 F Supp 915, 9 CCH LC ¶ 62525

### 13. Summary judgment

Availability of summary judgment under Rule 56 is permitted in injunction actions by Rule 1 and Rule 2; accordingly, these rules govern and promote speedy and just completion of litigation in all civil actions whether in cases at law, in equity or in admiralty and therefore, facts of each case and not nature of action decide question of whether summary judgment should be granted.  Suro v Llenza (1982, DC Puerto Rico) 531 F Supp 1094

### 14. Damages

Rule of law that in absence of express statutory provision court of equity is without power to assess exemplary or punitive damages is not changed by Rule 2, for it does not abolish distinction between law and equity.  Coca-Cola Co. v Dixi-Cola Laboratories, Inc. (1946, CA4 Md) 155 F.2d 59, 68 USPQ 242, 69 USPQ 360, cert den (1946) 329 US 773, 91 L Ed 665, 67 S Ct 192, 71 USPQ 328 and cert den (1946) 329 US 773, 91 L Ed 665, 67 S Ct 192, 71 USPQ 328

Rule that court of equity may not award punitive damages without express statutory authority is inapplicable where complaint alleges both legal and equitable causes of action and contains prayer for both injunction and damages.  Sperry Rand Corp. v A-T-0, Inc. (1971, CA4 Va) 447 F.2d 1387, 171 USPQ 775, cert den (1972) 405 US 1017, 31 L Ed 2d 479, 92 S Ct 1292, 173 USPQ 193 and reh den (1972, CA4 Va) 459 F.2d 19 and cert den (1972) 409 US 892, 34 L Ed 2d 150, 93 S Ct 117, 93 S Ct 119, 175 USPQ 385

Procedural dilemma which formerly barred derivative suit for three-fold damages under Antitrust Laws (15 USCS §§ 1 et seq.) has been eliminated by adoption of Federal Rules.  Kogan v Schenley Industries, Inc. (1956, DC Del) 20 FRD 4

Damages for infringement of design patent may be recovered either by action at law or upon bill in equity for injunction to restrain such infringement, under Rule 2.  Ross v Plastic Playthings, Inc. (1956,

USCSRULE                                        4

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

44367359

DC NY) 138 F Supp 887, 109 USPQ 12

**15. Appeal**

Policy of Rules, in abolishing procedural distinctions between law and equity and in establishing single unified practice, must not be subverted by allowing appeal from order denying demand for jury trial, on theory that it is in effect same as interlocutory injunction.  Morgantown v Royal Ins. Co. (1949) 337 US 254, 93 L Ed 1347, 69 S Ct 1067

Rules do not obliterate distinction between law and equity in application of 28 USCS § 1292 concerning appeals from interlocutory injunctions.  Gatliff Coal Co. v Cox (1944, CA6 Ky) 142 F.2d 876, 14 BNA LRRM 782, 8 CCH LC ¶ 62199

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

44367359

## I. IN GENERAL

### 1. Generally

Rules seek to require in civil action what has always been aimed at in equity suit, that all claims growing out of single transaction be brought in and settled in one case, and fact that one of claims alone may involve less than $3,000 is not obstacle if controversy as whole involves that much, and jurisdiction once acquired lasts till court finishes with all parts of controversy.  Jones v St. Paul Fire & Marine Ins. Co. (1939, CA5 Tex) 108 F.2d 123

Fact that FRCP 1 and 2 merge law and equity for procedural purposes, does not alter substantive rights inherent in law and equity. Lyons Pshp., L.P. v Morris Costumes, Inc. (2001, CA4 NC) 243 F.3d 789, 58 USPQ2d 1102, 56 Fed Rules Evid Serv 982 (criticized in Chirco v Crosswinds Cmtys., Inc. (2007, CA6 Mich) 474 F.3d 227, 81 USPQ2d 1414, 2007 FED App 11P) and (criticized in Magic Kitchen LLC v Good Things Internat., Ltd. (2007, 2nd Dist) 153 Cal App 4th 1144, 63 Cal Rptr 3d 713) and (criticized in Ultra-Images, LLC v Franclemont (2007, SD Fla) 2007 US Dist LEXIS 93610) and (criticized in Watson v Mayo (2008, SD NY) 2008 US Dist LEXIS 18444) and (criticized in Peter Letterese & Assocs. v World Inst. of Scientology Enters. (2008, CA11 Fla) 533 F.3d 1287, 87 USPQ2d 1563, 21 FLW Fed C 911) and (Abrogated in part by Petrella v MGM (2014, US) 134 S Ct 1962, 188 L Ed 2d 979, 42 Media L R 1753, 110 USPQ2d 1605, 24 FLW Fed S 755)

1 USCS § 1 complicated inquiry into whether statutes governing identity theft and aggravated identity theft, under 18 USCS §§ 1028(a)(7) and 1028A, included corporations; by treating word "individual" as subset of term "person", Dictionary Act suggested that two words were not synonymous; word "person" included corporations. United States v Hilton (2012, CA4 NC) 701 F.3d 959, cert den (2013, US) 133 S Ct 1839, 185 L Ed 2d 846

Emphasis of courts has been shifted from theory of law as cause of action to specified conduct of defendant upon which plaintiff tries to enforce his claim; Rules have adopted words "claim" or "claim for relief" in place of term "cause of action", which shows attempt to avoid concept of that term adopted by some courts prior to Rules.  White v Holland Furnace Co. (1939, DC Ohio) 31 F Supp 32

Rules contemplate orderly administration of justice, and recognize all provisions of Constitution in regard to due process of law.  In re Coral Gables (1941, DC Fla) 1 FRD 600

There is manifest throughout Rules prevailing policy that entire controversy shall be dealt with in single action, thus reducing to minimum hazard of double recoveries and circuity and multiplicity of actions.  United States v Aetna Life Ins. Co. (1942, DC Conn) 46 F Supp 30, 42-1 USTC ¶ 9266, 29 AFTR 1123 (superseded by statute on other grounds as stated in United States v National Bank of Commerce (1984, CA8 Ark) 726 F.2d 1292, 84-1 USTC ¶ 9191, 53 AFTR 2d 672)

It is contrary to spirit of Rules that decisions on merits of cause be avoided on basis of procedural technicalities.  Gonzalez v Fireman's Fund Ins. Co. (1974, DC Puerto Rico) 385 F Supp 140

Command of Rule 1 that Federal Rules of Civil Procedure "shall be construed to secure just, speedy, and inexpensive determination of every action," gives all other Rules life, meaning, and timbre in realistic world of trial court, making Rules useful tools for trial of actual litigation.  In re Paris Air Crash (1975, CD Cal) 69 FRD 310

Just, speedy, and inexpensive determination of every action are complementary attributes and must be considered in each case; in addition impact on court's docket must be taken into account since each litigant is entitled only to fair, not perfect trial; therefore, granting new trial in response to every minor flaw in proceeding may be just to litigants involved if they can bear additional expense, but it imposes delay on litigants winding up for federal trial time.  Boe v Lane & Co. (1977, ED La) 428 F Supp 1179

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

44367359

Rule 1 is one of least frequently cited but most important of all Rules. United States v Texas (1981, ED Tex) 523 F Supp 703

Under FRCP 1, parties are entitled to speedy and inexpensive resolution of their claims. United States ex rel. Montana Door v All Purpose Servs. (1997, DC Mont) 175 FRD 552

Federal Rules of Civil Procedure, public interest, and interests of both parties to litigation demand seemly and efficient use of judicial resources to achieve goals articulated in FRCP 1. Frederick v UNUM Life Ins. Co. of Am. (1998, DC Mont) 180 FRD 384, 41 FR Serv 3d 896

### 2. What constitutes "suit"

"Suit" is any proceeding in court of justice, whereby plaintiff pursues his remedy to enforce his demand. Gillson v Vendome Petroleum Corp. (1940, DC La) 35 F Supp 815

Generally, "action" refers to any legal proceeding in court of justice having for its purpose enforcement of right or redress of wrong; term "civil action" embraces, from its natural import, every species of "suit" not of criminal kind, and comprehends every conceivable cause of action, whether legal or equitable, except such as are "criminal", in sense that judgment may be fine or imprisonment. Gillson v Vendome Petroleum Corp. (1940, DC La) 35 F Supp 815

### 3. Validity of Rules

Test of validity of any of Rules is whether it really regulates procedure, that is, judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them. Sibbach v Wilson & Co. (1941) 312 US 1, 85 L Ed 479, 61 S Ct 422, reh den (1941) 312 US 713, 85 L Ed 1144

If Federal Rules of Civil Procedure are not entitled to great deference as to constitutionality which Supreme Court accords federal statutes, Rules come with at least imprimatur of Supreme Court's rule-making authority. Ticor Title Ins. Co. v Brown (1994) 511 US 117, 114 S Ct 1359, 128 L Ed 2d 33, 94 CDOS 2342, 94 Daily Journal DAR 4439, 1994-1 CCH Trade Cases ¶ 70553, 28 FR Serv 3d 409, 8 FLW Fed S 30

There is strong presumption of validity of Rules. Philadelphia Elec. Co. v Anaconda American Brass Co. (1968, ED Pa) 43 FRD 452, 1968 CCH Trade Cases ¶ 72359, 11 FR Serv 2d 594 (criticized in Calhoun v Horn (1997, ED Pa) 1997 US Dist LEXIS 15719)

### 4. Purpose of Rules

Spirit of Rules is to have speedy adjudication of all controversies between parties in single action and without multiplicity of suits. John R. Alley & Co. v Federal Nat'l Bank (1942, CA10 Okla) 124 F.2d 995

Object of Rules is to facilitate trial and disposition of causes and all matters in controversy upon their merits. Williams v Keyes (1942, CA5 Fla) 125 F.2d 208, cert den (1942) 316 US 699, 86 L Ed 1768, 62 S Ct 1297; Russo v Sofia Bros., Inc. (1941, DC NY) 2 FRD 80

Rules are designed to provide machinery for administration of justice, modes of proceeding by which legal rights are enforced, and do not purport to deal with law which gives or defines such rights, or their character, or existence or boundaries of remedies vouchsafed for establishment of those rights; procedures they provide are only means to end of achieving substantial justice and are not ends in themselves. Perry v Allen (1956, CA5 Ga) 239 F.2d 107, 57-1 USTC ¶ 9204, 50 AFTR 1110

One purpose of Rules is to bring about uniformity in federal courts by getting away from local rules, especially with respect to matters relating to administration of legal proceedings. Lumbermen's Mut.

USCSRULE                                    2

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

44367359

Casualty Co. v Wright (1963, CA5 La) 322 F.2d 759, 7 FR Serv 2d 1

Purpose of Rules is broader than simplification of procedures for convenience of lawyers and judges; they are designed for protection of diligent litigant who has just cause, but who, during some stage of proceedings, misconceived nature of his cause or mistook his remedy. New Amsterdam Casualty Co. v Waller (1963, CA4 NC) 323 F.2d 20, cert den (1964) 376 US 963, 11 L Ed 2d 981, 84 S Ct 1124

Exclusion of expert's testimony from parents' wrongful death action alleging drug manufacturer was responsible for suicide of their son based on its drug that was prescribed to him for depression one week before he committed suicide was based on fact that trial court had allowed expert to revise his opinion on causation on numerous occasions and expert did not show his theory and methodology were reliable; exclusion was not due to fact that expert was not allowed to revise his opinion or answer criticism of independent experts nor was it due to trial court's rigid application of civil procedure rules that called for just, speedy, and inexpensive determination of every action. Miller v Pfizer, Inc. (2004, CA10 Kan) 356 F.3d 1326, CCH Prod Liab Rep ¶ 16881, 63 Fed Rules Evid Serv 618, 58 FR Serv 3d 155, cert den (2004) 543 US 917, 125 S Ct 40, 160 L Ed 2d 201

Rules are intended to liberalize procedure and to avoid harshness of old rules, which often required courts to decline consideration of merits because of counsel's neglect to comply with rules. Burke v Canfield (1940) 72 App DC 127, 111 F.2d 526

Rules are designed to enable disposition of whole controversy at one time and in one action, provided all parties can be brought before court and matter decided without prejudicing rights of any of parties. United States use of Foster Wheeler Corp. v American Surety Co. (1938, DC NY) 25 F Supp 700

Intention of Rules is to expedite litigation, to save cost and principally and primarily to reach justice by obtaining full disclosure of truth in connection with any controversy. Boysell Co. v Colonial Coverlet Co. (1939, DC Tenn) 29 F Supp 122, 42 USPQ 601

Rules are fashioned to eliminate old concept of litigation as battle of wits and to provide tools whereby litigants may bring before court or jury all facts from which truth may be more easily ascertained and substantial justice done; to extent that this search for truth infringes on convenience of litigants, such convenience must yield to that extent. Seligson v Camp Westover, Inc. (1941, DC NY) 1 FRD 733

Purpose of Rules is to reduce amount of litigation, to narrow issues to avoid surprises, and to promote justice. Dill Mfg. Dill Mfg. Co. v Acme Air Appliance Co. (1941, DC NY) 2 FRD 151, 52 USPQ 319

Purpose of Rules is to facilitate decision of issues perhaps earlier than actual trial. Brewster v Technicolor, Inc. (1941, DC NY) 2 FRD 186, 51 USPQ 319

Entire purpose of Rules was to strike from judges and litigants useless shackles of procedure to end that fair trial of essential questions could be had. Glaspell v Davis (1942, DC Or) 2 FRD 301

One purpose of Rules is to enable defendant to learn particulars of charge against him so that he may properly prepare for trial. United States v General Motors Corp. (1942, DC Ill) 2 FRD 528

Purpose of Rules is to supply federal courts with independent and uniform system of efficient procedure. Karno-Smith Co. v School Dist. (1942, DC Pa) 44 F Supp 860

Purpose of Rules is to aid in determination of truth and to eliminate from federal practice old procedural elements of concealment and surprise. Stark v American Dredging Co. (1943, DC Pa) 3 FRD 300

Purpose of Rules is to economize time and expense in trying suits. Warnick v Bethlehem-Fairfield Shipyard, Inc. (1946, DC Md) 68 F Supp 857, 11 CCH LC ¶ 63368

USCSRULE                                    3

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Spirit of Rules contemplates avoidance of circuity of litigation.  United States v Dovolis (1952, DC Minn) 105 F Supp 914

One important purpose of Rules is to make pleadings brief, concise and to point.  Tobin v David Witherspoon, Inc. (1953, DC Tenn) 14 FRD 148, 23 CCH LC ¶ 67525

Purpose in adopting Rules was to establish uniform practice in order that lawyers throughout United States would not be hampered or taken unawares by local rules.  Hagy v Allen (1957, DC Ky) 153 F Supp 302

Purpose of Rules of Civil Procedure is to promote efficient and speedy determination of issues. Johnsrud v Carter (1979, ED Pa) 27 FR Serv 2d 973

In company's civil action against corporation, company was entitled to have its motion to strike errata sheets of certain individuals for corporation who were deposed granted because deponents did not give reasons for changes and sought to substantively change what had been said rather than correct inaccuracies; Fed. R. Civ. P. 30(e) did not allow changes without specific reasons being given and if changes were not to correct inaccuracies, and that was not only to keep witness from later changing deposition testimony to what he wish he had said, but was also to further Fed. R. Civ. P. 1's goal of construing and administering federal rules to secure just, speedy, and inexpensive determination of every action. E.I. du Pont de Nemours & Co. v Kolon Indus. (2011, ED Va) 277 FRD 286

### 5. -Eliminate technical hurdles

Rules have for their primary purpose securing of speedy and inexpensive justice in uniform and well ordered manner; they were not adopted to set traps and pitfalls by way of technicalities for unwary litigants.  Des Isles v Evans (1955, CA5 Fla) 225 F.2d 235

Purpose of Rules is to eliminate complaints as to technicalities of law, subtleties of practice and involvements of procedure. United Press Assos.  United Press Ass'ns v Charles (1957, CA9 Alaska) 17 Alaska 46, 245 F.2d 21, cert den (1957) 17 Alaska 244, 354 US 925, 1 L Ed 2d 1435, 77 S Ct 1378

Spirit of Rules is that technical requirements are abolished and that judgments can be founded on facts and not on formalistic defects.  Builders Corp. of America v United States (1958, CA9 Cal) 259 F.2d 766

Local rules, like Federal Rules of Civil Procedure that they supplement, should be construed to provide for just, speedy, and inexpensive determination of every action on its merits; these rules were not intended to provide maze of technical traps to complicate and delay litigation without advancing merits. Stevo v Frasor (2011, CA7 Ill) 662 F.3d 880

One of purposes of Rules is to settle controversies on their merits rather than to have them dismissed on technical points.  Moore v Illinois C. R. Co. (1938, DC Miss) 24 F Supp 731, 3 BNA LRRM 743, revd on other grounds (1940, CA5 Miss) 112 F.2d 959, 2 CCH LC ¶ 18704, revd on other grounds (1941) 312 US 630, 61 S Ct 754, 85 L Ed 1089, 8 BNA LRRM 455, 4 CCH LC ¶ 51117 (ovrld in part on other grounds by Andrews v Louisville & N. R. Co. (1972) 406 US 320, 92 S Ct 1562, 32 L Ed 2d 95, 80 BNA LRRM 2240, 68 CCH LC ¶ 12661) and (ovrld on other grounds as stated in Martino v Transport Workers' Union, Local 234 (1984) 505 Pa 391, 480 A2d 242, 119 BNA LRRM 2711) and (ovrld on other grounds as stated in Mitchell v Union Pac. R.R. (2003, ND Ill) 2003 US Dist LEXIS 16811) and (Overruled on other grounds as stated in United Transp. Union v BNSF Ry. Co. (2013, CA9 Wash) 710 F.3d 915, 195 BNA LRRM 2211, 163 CCH LC ¶ 10577);  Fall Corp. v Yount-Lee Oil Co. (1938, DC Tex) 24 F Supp 765;  Charles Blum Advertising Corp. v L. & C. Mayers Co. (1938, DC Pa) 25 F Supp 934, 40 USPQ 64;  Nyscoseal, Inc. v Parke, Davis & Co. (1961, SD NY) 28 FRD 24, 130 USPQ 74, 4 FR Serv 2d 243

USCSRULE                                    4

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Rules are intended to promote and not to obstruct administration of justice and thus enable court to do substantial justice rather than to decide cases upon technicalities which have no relationship whatever to rights of parties to litigation. Walsh v Connecticut Mut. Life Ins. Co. (1939, DC NY) 26 F Supp 566

Real purpose of Rules is to eliminate technicalities, delays and expense and secure prompt and effective adjudication on merits when cause of action is set forth. Marin v Knopf (1940, DC NY) 1 FRD 436

One important object of Rules is to expedite final determination of litigation by inclusion in one suit of parties directly interested therein despite technical objections to such joinders previously existing in many situations. Englehardt v United States (1947, DC Md) 69 F Supp 451

Spirit of Rules is to settle controversies upon their merits rather than to dismiss actions on technical grounds, to permit amendments liberally, and to avoid if possible depriving litigant of chance to bring his case to trial. Fierstein v Piper Aircraft Corp. (1948, DC Pa) 79 F Supp 217

Rules are designed to discourage battles over mere form and to sweep away needless controversies that serve either to delay trial on merits or to deny party his day in court because of technical defects in pleadings. McCormick v Wood (1957, DC NY) 156 F Supp 483

One of main purposes for adoption of Rules for federal trial courts was to eliminate antiquated code-type pleading by which party very often found itself out of court on procedural technicality rather than on merits of its claim. Alexander v Hall (1974, DC SC) 64 FRD 152, 19 FR Serv 2d 861

### 6. -Simplify

Rules aim at simplicity and terseness. Mutual Life Ins. Co. v Krejci (1941, CA7 Ill) 123 F.2d 594; Van Alen v Aluminum Co. of America (1942, DC NY) 43 F Supp 833, 53 USPQ 623

Purpose of Rules is to make pleadings simple and intelligible, and practice and procedure under them conducive to speedy and sure attainment of just results, and Rules are so drawn that conformity with them will give effect to this purpose. Bell v Preferred Life Assurance Soc. (1942, CA5 Ala) 131 F.2d 516, revd on other grounds (1943) 320 US 238, 88 L Ed 15, 64 S Ct 5

Rules were enacted for purpose of simplifying procedure and getting rid of technicalities, and to provide just, speedy and inexpensive determination of law suit. Fox v House (1939, DC Okla) 29 F Supp 673, affd (1940, CA3 Del) 110 F.2d 813

Purpose in adoption of Rules was to unify and simplify procedure in district courts in civil actions. United States v Schine Chain Theatres, Inc. (1940, DC NY) 1 FRD 205

One of primary purposes of Rules is to expedite disposition of litigation by simplification of pleadings and procedure. Raudenbush v Baltimore & O. R. Co. (1944, DC Pa) 4 FRD 171; United States v Carolina Warehouse Co. (1945, DC SC) 4 FRD 291

Rules were designed and adopted for purpose, among others, of simplifying pleadings; it is no longer necessary in United States court to set forth in petition all operative facts having bearing upon material issues in case. Tolle v Pennsylvania R. Co. (1947, DC Ohio) 7 FRD 579

Rules were designed to simplify judicial procedure, to adjudicate all phases of litigation involving same parties, and to avoid multiplicity of suits; they must be liberally construed to give vent to objectives which prompted their promulgation. H F G Co. v Pioneer Pub. Co. (1947, DC Ill) 7 FRD 654

Rules were drawn and adopted in order to achieve simple and concise statements of claims and defenses with consequent simplification of issues between litigants. Skouras Theatres Corp. v Radio-Keith-Orpheum Corp. (1953, DC NY) 19 FRD 151

Purpose of Rules is to simplify and expedite procedure. Odette v Shearson, Hammill & Co. (1975,

USCSRULE                                              5

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

44367359

SD NY) 394 F Supp 946, CCH Fed Secur L Rep ¶ 95038, 20 FR Serv 2d 43

### 7. Knowledge of Rules

Practitioners in federal courts, including United States attorneys, are presumed to be familiar with Rules and to follow them.  Beasley v United States (1948, DC SC) 81 F Supp 518

Parties in federal courts are charged with knowledge of Rules.  Merit Finance Co. v Service Finance Co. (1965, DC SC) 38 FRD 482

### 8. Compliance with Rules

Substantial compliance with Rules is sufficient.  Des Isles v Evans (1955, CA5 Fla) 225 F.2d 235

While All Writs Act (28 USCS § 1651(a)) empowers District Court to fashion extraordinary remedies when need arises, it does not authorize District Court to promulgate ad hoc procedural code whenever compliance with Federal Rules of Civil Procedure proves inconvenient.  Florida Medical Asso. v U. S. Dep't of Health, Education & Welfare (1979, CA5 Fla) 601 F.2d 199, 28 FR Serv 2d 51, injunction gr (1979, MD Fla) 479 F Supp 1291, magistrate's recommendation (2011, MD Fla) 2011 US Dist LEXIS 111180 and (criticized in Official Comm. of Asbestos Claimants of G-I Holdings, Inc. v Bldg. Materials Corp. of Am. (In re G-I Holdings) (2005, BC DC NJ) 327 BR 730, 45 BCD 8)

For defendant in civil action to hide from process server, with admitted intent to prevent plaintiff from obtaining information only defendant possessed, offends spirit of Rules of Civil Procedure, as expressed in Rule 1, and judgment against defendant would be upheld, contrary to his contention that he had right to make plaintiff prove his case best way he knew how, by refusing to appear and testify in court.  Marquis Theatre Corp. v Condado Mini Cinema (1988, CA1 Puerto Rico) 846 F.2d 86, 11 FR Serv 3d 325, reh den (1988, CA1) 1988 US App LEXIS 14286

District court has inherent power to control cases before it, provided court exercises power in manner that is in harmony with Federal Rules of Civil Procedure. Duquesne Light Co. v Westinghouse Elec. Corp. (1995, CA3 Pa) 66 F.3d 604, 33 FR Serv 3d 773, 27 UCCRS2d 823

Tire manufacturer was denied writ of mandamus directing district court to vacate its discovery order in products liability action and requiring it to apply provisions of Fed. R. Civ. P. 26(b) because situation failed to surpass high legal hurdle for issuance of writ; any error in administering rules, pursuant to Fed. R. Civ. P. 1, was insufficient to allow writ. In re Cooper Tire & Rubber Co. (2009, CA10 Utah) 568 F.3d 1180

Promise reflected in Fed. R. Civ. P. 1 remains elusive, more aspirational than descriptive; but it is surely case that if court orders can be repeatedly flouted courts will only retreat further from goal of just, speedy, and inexpensive determination of every action. Lee v Max Int'l, LLC (2011, CA10 Utah) 638 F.3d 1318, 79 FR Serv 3d 569

There should be strict compliance with Rules.  Sachs v Ohio Nat. Life Ins. Co. (1942, DC Ill) 2 FRD 348

Admonition of Rule 1 that USCS Rules of Civil Procedure shall be construed to secure just, speedy, and inexpensive determination of every action does not require court to ignore totally fundamental pleading requirements. McLaughlin v Copeland (1977, DC Md) 435 F Supp 513 (criticized in Brooks v Midland Credit Mgmt. (2013, DC Md) 2013 US Dist LEXIS 35796)

### 9. -Pro se litigants

Although court of appeals liberally construes pro se pleadings, appellant's pro se status does not excuse obligation of any litigant to comply with fundamental requirements of Federal Rules of Civil Procedure and Federal Rules of Appellate Procedure. Ogden v San Juan County (1994, CA10 NM) 32

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

44367359

F.3d 452, cert den (1995) 513 US 1090, 130 L Ed 2d 650, 115 S Ct 750, reh den (1995) 514 US 1048, 131 L Ed 2d 306, 115 S Ct 1423

Pro se litigants are required to follow Federal Rules of Civil Procedure. Mooney v Cleveland Clinic Found. (1999, ND Ohio) 184 FRD 588, summary judgment gr, dismd (1999, ND Ohio) 65 F Supp 2d 682, affd, without op (2000, CA6 Ohio) 221 F.3d 1335, reported in full (2000, CA6 Ohio) 2000 US App LEXIS 15585

While court generally affords pro se filings liberal construction, litigant's pro se status does not excuse him from reading Federal Rules of Civil Procedure. Jiricko v Moser & Marsalek, P.C. (1999, ED Mo) 184 FRD 611, affd (1999, CA8 Mo) 187 F.3d 641, cert den (1999) 528 US 1020, 145 L Ed 2d 410, 120 S Ct 529

## II. CONSTRUCTION OF RULES

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

44367359

Attachment V

§ 1983.        Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

(R. S. § 1979; Dec. 29, 1979, P. L. 96-170, § 1, 93 Stat. 1284; Oct. 19, 1996, P. L. 104-317, Title III, § 309(c), 110 Stat. 3853.)

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

56873083

§ 1915A.        Screening

(a) **Screening.**   The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**   On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

(c) **Definition.**   As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

(Added April 26, 1996, P. L. 104-134, Title I [Title VIII, § 805(a)], 110 Stat. 1321-75; May 2, 1996, P. L. 104-140, § 1(a), 110 Stat. 1327.)

USCS                                    1

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

56873083

Napoleon Morales-Dorantes #44367-359
Federal Correctional Institution
FCI McDowell     P.O. Box  1009
Welch, West Virginia      24801



Clerk Of Court
United States District Court
Elizabeth Kee Federal Building
601- Federal Street, Room 2303
Bluefield, West Virginia  24801

<u>Legal Mail</u>



FEDERAL CORRECTIONAL INSTITUTION
McDOWELL
P.O. BOX 1029
WELCH, WV 24801

DATE 8/24/16

THE ENCLOSED LETTER WAS PROCESSED THROUGH
SPECIAL MAILING PROCEDURES FOR FORWARDING TO
YOU. THE LETTER HAS BEEN NEITHER OPENED NOR
INSPECTED. IF THE WRITER RAISES A QUESTION OR
PROBLEM OVER WHICH THIS FACILITY HAS JURIS-
DICTION, YOU MAY WISH TO RETURN THE MATERIAL
FOR FURTHER INFORMATION OR CLARIFICATION. IF
THE WRITER ENCLOSES CORRESPONDENCE FOR
FORWARDING TO ANOTHER ADDRESSEE, PLEASE
RETURN THE ENCLOSURE TO THE ABOVE ADDRESS.