UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

NAPOLEON MORALES-DORANTES,                )
                                          )
              Plaintiff,                  )
                                          )
v.                                        )        Civil Action No. 1:15-12720
                                          )
FEDERAL BUREAU OF PRISONS, *et al.*,      )
                                          )
              Defendants.                 )

PROPOSED FINDINGS AND RECOMMENDATION

On August 24, 2015, Plaintiff, acting *pro se*, filed his Complaint in this matter claiming

entitlement to relief for alleged violations of his constitutional rights pursuant to Bivens v. Six

Unknown Named Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29

L.Ed.2d 619 (1971). (Document No. 1.) By Standing Order, this matter was referred to United

States Magistrate Judge R. Clarke VanDervort for submission of proposed findings of fact and a

recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) By

Order entered on January 6, 2016, the above case was referred to the undersigned United States

Magistrate Judge for submission of proposed findings of fact and a recommendation for deposition

pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.)

FACTUAL AND PROCEDURAL HISTORY

A.    Criminal Action No. 1:07-00295:

On May 7, 2008, Plaintiff pled guilty in the United States District Court for the Western

District of Michigan to one count of possession with intent to distribute cocaine in violation of 21

U.S.C. § 841(a)(1) and (b)(1)(C) (Count One); and one count of using and carrying a firearm

1

during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c) (Count Two).
United States v. Morales-Dorante, Case No. 1:07-cr-00295 (W.D.Mich. Oct. 15, 2008), Document Nos. 69 and 70. On October 15, 2008, the District Court sentenced Plaintiff to imprisonment for a total term of 132 months, consisting of 72 months as to Count One and 60 months as to Count Two, to be followed by a four-year term of supervised release. Id., Document Nos. 95 and 99. The District Court further imposed a special assessment of $100 and a fine of $3,480. Id. On October 24, 2008, the District Court entered an Amended Judgment correcting the Judgment to reflect a $200 special assessment. Id., Document No. 102.

Plaintiff filed his *pro se* Notice of Appeal on February 3, 2011. Id., Document No. 140. By Order entered on September 16, 2011, the Sixth Circuit Court of Appeals dismissed Plaintiff's appeal as untimely. Id., Document No. 143.

**B.    Section 2255 Motion:**

On September 13, 2013, Plaintiff, acting *pro se*, filed in the Western District of Michigan a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Id., Document No. 156. In his Motion, Plaintiff asserted as grounds for relief the following:

1.    The District Court and Government committed reversible error by unlawfully and unconstitutionally enhancing Morales' sentence for 11,716 kilograms of marijuana equivalent that was NOT stated in his indictment and NOT proven beyond a reasonable doubt by a jury or judge.

2.    Counsel acted ineffectively by failing to file my timely requested Notice of Appeal, preserve the record concerning my unlawful and unconstitutional enhancements, the government's *Brady* violations, Rule 16 violations, egregious governmental misconduct violations, and my actual, factual, and legal innocence of all unlawful and unconstitutional enhancement.

3.    The government committed reversible error by intentionally failing to follow the Supreme Court's mandate described in *Brady*, *Giles*, *Giglio*, Local Rules, and Rule 16 to handover all exculpatory material and impeach evidence.

Id. By Order entered on September 17, 2013, the District Court ordered the United States to file a response. Id., Document No. 157. On December 2, 2013, the United States filed its "Motion to Dismiss and Brief in Support" arguing that Plaintiff's Motion was untimely. Id., Document No. 160. Plaintiff filed his Response in Opposition on January 10, 2014, arguing that he should be permitted to proceed based upon Alleyne v. United States, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 341 (2013). Id., Document No. 163. On January 22, 2014, the United States filed its Reply. Id., Document No. 166. By Memorandum Opinion and Order entered on April 4, 2014, the District Court granted the United States' Motion to Dismiss and dismissed Plaintiff's Section 2255 Motion. Id., Document No. 167.

**C.    Section 3582 Motion:**

On November 20, 2014, Plaintiff, acting *pro se*, filed in the Western District of Michigan a Motion for Reduction of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2) arguing that he was entitled to a sentence reduction based upon the reduction in Sentencing Guidelines under Amendment 782. Id., Document No. 178. On November 21, 2014, the District Court enter a "Scheduling Order on Motion for Sentence Modification." Id., Document No. 180. On December 8, 2014, Plaintiff filed his second Motion for Reduction of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2) arguing that he was entitled to a sentence reduction based upon the reduction in Sentencing Guidelines under Amendment 782. Id., Document No. 184. On July 23, 2015, Plaintiff filed his third "Pro Se Motion For Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Retroactive Guideline Amendment 782)." Id., Document No. 194. The Probation Office filed its "Sentence Modification Report" recommending a sentencing reduction. On August 10, 2015, the United States filed its "Response to Sentence Modification Report" objecting to the Probation

Office's recommendation for a sentence reduction. Id., Document No. 198. Specifically, the United States argued that the probation officer erroneously calculated Plaintiff's applicable guideline range at an incorrect lower level. Id. By Memorandum Opinion and Order entered on August 11, 2015, the District Court granted Plaintiff's Section 3582(c)(2) Motion reducing Plaintiff's sentence to "120 months imprisonment, consisting of 60 months on Count 1 and 60 months on Count 2, to be served consecutive with an effective date of November 1, 2015." Id., Document No. 199; Morales-Dorantes v. United States, 2014 WL 1338159 (W.D.Mich. April 2, 2014). Plaintiff filed his Notice of Appeal on September 17, 2015. Morales-Dorante, Case No. 1:07-cr-00295, Document No. 214. Subsequently, Plaintiff filed a Motion to Voluntarily Dismiss the Appeal. Id., Document No. 219. On December 10, 2015, the Sixth Circuit granted Plaintiff's Motion to Voluntarily Dismiss the Appeal. Id.

**D.    Plaintiff's present filing.**

On August 26, 2015, Plaintiff, acting *pro se*,[1] filed his Complaint in this matter claiming entitlement to relief pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971). (Document No. 1.) Plaintiff names the following as Defendants: (1) Federal Bureau of Prisons ["FBOP"]; and (2) Mr. Johnson, Warden. (Id., p. 1.) Plaintiff claims that Defendants violated his constitutional rights during his criminal proceedings involving Criminal Action No. 1:07-00295. (Id., p. 3.) Specifically, Plaintiff alleges that Defendants violated his right to due process and right to be free from "unlawful detainment." (Id.) Plaintiff explains that United States Probation Officer ["USPO"] Amber

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Gonzalez prepared his presentence sentence report. (Id.) Plaintiff alleges that it was later discovered that his presentence report was "erroneously calculated, and as a direct result, this petitioner's sentencing guidelines and criminal history was miscalculated." (Id.) Plaintiff states that he "was scored in a higher category then he should have been, which resulted in him getting an additional 12 to 18 months." (Id.) Plaintiff concludes that this violated his "rights to due process and [resulted in] unlawful detainment." (Id.) Plaintiff further alleges that he is "still being held illegally." (Id.) As relief, Plaintiff requests monetary damages. (Id.)

As Exhibits, Plaintiff attaches the following: (1) A copy of the "Government's Response to Sentence Modification Report" as filed in the Western District of Michigan in Case No. 1:07-cr-295 (Id., pp. 6 – 13.); (2) A copy of the District Court's "Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)" as filed in the Western District of Michigan in Case No. 1:07-cr-295 (Id., p. 8.); and (3) A copy of what appears to be documents from Plaintiff's legal research concerning the filing of a Bivens/Section 1983 civil action (Id., pp. 9 – 22.).

## THE STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it

describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

## DISCUSSION

1. **Improper Defendant:**

Plaintiff is seeking relief for alleged violations of his constitutional and civil rights pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971). A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395 -97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); See also Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending Bivens to Eighth Amendment claims); Davis v. Passman, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending Bivens to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law. However, Bivens claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475, 484-86, 114 S.Ct. 996, 127 L.Ed. 2d 308 (1994); Berger v. Pierce,

933 F.2d 393, 397 (6th Cir. 1991); Reingold v. Evers, 187 F.3d 348, 355 n. 7 (4th Cir. 1999). Plaintiff improperly names the FBOP as a Defendant under Bivens. Plaintiff's Bivens action against the FBOP should therefore be dismissed.

**2.      Claim Precluded by Heck:**

Although Plaintiff names Warden Johnson as a Defendant, Plaintiff fails to specifically allege any claim against him. Plaintiff, however, alleges that his constitutional rights were violated during the course of his criminal prosecution in the Western District of Michigan in Criminal Action No. 1:07-00295. (Document No. 1.) Plaintiff essentially contends that USPO Gonzalez erroneously calculated his sentence under the United States Sentencing Guidelines. (Id.) Although Plaintiff fails to explain how USPO Gonzalez erroneously calculated his sentence, Plaintiff states that the error was later discovered. (Id.) Plaintiff states that USPO Gonzalez's miscalculation resulted in Plaintiff receiving an additional 12 to 18 months. (Id.) Plaintiff further contends that he is "still being held illegally." (Id.)

As explained above, a review of Plaintiff's underlying criminal proceedings reveal that the United States District Court for the Western District of Michigan granted Plaintiff's Motion for Reduction of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2) based upon a retroactive amendment to the Sentencing Guidelines. To the extent Plaintiff alleges that the foregoing invalidated his sentence or resulted in a determination of error on the part of USPO Gonzalez, Plaintiff is incorrect.[2] No such finding was made by the District Court. Title 18 U.S.C. §

---

[2] To the extent Plaintiff is referencing the United States' "Response to Sentence Modification Report" in support of his claim of an error by USPO Gonzales, such is inconclusive. The United States first argued that at the time of Plaintiff's initial sentencing, the District Court improperly determined Plaintiff's base offense level to be 30 instead of 32 pursuant to U.S.S.G. § 2D1.1(c). The United States continued to argue that in preparing the Sentence Modification Report, USPO Gonzales erroneously reduced Plaintiff's base offense level by two-levels resulting in an amended base offense level of 28. Thus, the United States concluded that Plaintiff was not entitled to a

3582(c)(2) provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the [sentencing] court *may* reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2)(emphasis added); See Davis v. U.S. Sentencing Comm'n., 716 F.3d 660, 662 (D.C. Cir. 2013)(explaining that "in response to the Fair Sentencing Act, the Commission issued Amendment 750" reducing the crack cocaine ratio, and made the amendment retroactive to "allow[] inmates convicted based on the old sentencing ranges to seek discretionary sentence reductions under [Section] 3582(c)(2)"). Thus, the District Court exercised its discretion and reduced Plaintiff's sentence pursuant to Section 3582(c)(2) because a retroactive amendment to the United States Sentencing Guidelines reduced the base offense levels for most all drug quantities in U.S.S.G. § 2D1.1. The District Court reduced Plaintiff's sentence by 12 months, resulting in a total term of imprisonment of 120 months. The record reveals that prior to the sentencing reduction, Plaintiff's projected release dated was October 12, 2017. Thus, Plaintiff's revised projected release date taking into account the 12-month reduction of sentence, would have been October 12, 2016. At the time of the filing of Plaintiff above Complaint on August 26, 2015, Plaintiff argued that he was "still being held illegally" due to error and miscalculations contained

---

reduced sentence because he had already received the benefit of a two level lower base offense level at the time of his initial sentencing and Plaintiff's base offense level should have remained at 30. The District Court, however, granted Plaintiff's Section 3582 Motion and reduced his sentence by 12 months. Furthermore, the record clearly reveals that any alleged error was favorable and beneficial to Plaintiff.

in the presentence report prepared by USPO Gonzalez.

Given the nature of Plaintiff's allegations, it appears that Plaintiff is implying the invalidity of his sentence. Consequently, the undersigned finds that Plaintiff has failed to state a cognizable claim under Bivens pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). See Messer v. Kelly, 129 F.3d 1259 (4th Cir. 1997)(stating that the rationale in *Heck* applies in *Bivens* actions). In Heck, the United States Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing the relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983.

Id. at 486-87, 114 S.Ct. 2372. See also Ballenger v. Owens, 352 F.3d 842 (4th Cir. 2003)(holding that an arrestee's Section 1983 claim was not cognizable against state trooper, alleging unreasonable search and seizure, under *Heck,* since judgment in arrestee's favor would have implied the invalidity of conviction). The record reveals that Plaintiff appealed his conviction and sentence in Criminal Action No. 1:07-cr-00295 to the Sixth Circuit Court of Appeals, and the Sixth Circuit dismissed his appeal as untimely. Subsequently, Plaintiff filed a Section 2255 Motion challenging the validity of his conviction and sentence. On April 2, 2014, the Western District of Michigan denied Plaintiff's Section 2255 Motion. Morales-Dorantes v. United States, 2014 WL 1338159 (W.D.Mich. April 2, 2014). Assuming *arguendo* that Plaintiff is arguing that the reduction in sentence constituted an invalidation, the Court rejects this argument.[3] The record

---

[3] Even assuming Plaintiff is arguing he is entitled to relief based upon his sentencing reduction, such did not result in any illegal incarceration. At the time of Plaintiff's sentencing reduction, Plaintiff's projected release date was October 12, 2017. The District Court reduced his sentence

clearly reveals that Plaintiff's sentence was reduced based on a change in the Sentencing Guidelines that lowered the base offense level for certain drug quantities, not due an finding that Plaintiff's sentence was erroneous or unlawful. See Johnson v. Graves, 2009 WL 2060067, * 5 (S.D. Ala. June 22, 2009)(finding that a reduction in sentencing due to a change in law did not constitute an invalidation for *Heck* purposes). Furthermore, Plaintiff contends that he is still being improperly incarcerated even after the sentencing reduction. See Chestnut v. Benson, 2012 WL 2072845 (D.S.C. May 11, 2012)(dismissing plaintiff's *Bivens* action against probation officer who allegedly prepared in an incorrect presentence report based upon *Heck*). Thus, any finding by this Court favor to Plaintiff would invalidate his sentence. The undersigned, therefore, finds that because Plaintiff has not demonstrated that his criminal conviction or sentence has been invalidated, Plaintiff's Bivens claim is not cognizable pursuant to Heck. Accordingly, the undersigned respectfully recommends that Plaintiff's Complaint be dismissed.[4]

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Plaintiff's Complaint (Document No. 1), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and

---

by 12 months on August 11, 2015, thus Plaintiff had more than a year remaining on his sentence.

[4] The undersigned notes that Plaintiff initiated three actions with this Court asserting similar allegations: Case No. 1:15-cv-12647, Case No. 1:15-cv-12657, and Case No. 1:15-cv-12720.

Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: March 27, 2018.

Omar J. Aboulhosn
United States Magistrate Judge